## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

WILLIAM DEAN CARPENTER,            )
                                   )
                      Plaintiff,   )
v.                                 )          Case No. CIV-09-164-D
                                   )
OKLAHOMA COUNTY, OKLAHOMA,         )
*et al*.,                          )
                      Defendants.  )

## REPORT AND RECOMMENDATION

Plaintiff, William Dean Carpenter, a state pretrial detainee appearing *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his federal constitutional rights.[1]  The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).  An initial review of Plaintiff's Complaint has been conducted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  For the reasons set forth below, it is recommended that the action be dismissed as the claims raised in the Complaint fail to state a claim upon which § 1983 relief can be granted.

## I.    Factual Allegations of the Complaint

Plaintiff alleges that on August 5, 2008, the Oklahoma City Police Department unlawfully arrested him pursuant to a warrantless arrest.  *See* Complaint at 2; *see also* Complaint, Attachment 1, Affidavit of Fact, ¶ 1.  Plaintiff alleges he was unlawfully seized and placed into custody without probable cause.  *See id*., ¶ 8.  Plaintiff alleges he did not

---

[1]Plaintiff previously filed a section 1983 action in this judicial district arising out of the same events which form the basis of the claims raised in this action.  *See Carpenter v. Whetsel*, Case No. CIV-08-1178-D.  The action terminated upon Plaintiff's motion to voluntarily dismiss pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).  *See id*. Order [Doc. #13] (January 16, 2009).

receive an arraignment or probable cause hearing until August 12, 2008.  He claims the August 12, 2008, hearing was a "quasi" or "mock" hearing as he was only allowed to participate by video, not in person, and no legal counsel was appointed on his behalf.  *See id*.

Plaintiff identifies a criminal felony case and a criminal misdemeanor case pending against him in the District Court of Oklahoma County, State of Oklahoma, Case Nos. CF-08-4515 and CM-08-4075, respectively.  The Court has reviewed the docket sheet in Case No. CF-08-4515, available through the Oklahoma State Courts Network, www.oscn.net.  By Information filed August 11, 2008, Plaintiff has been charged with: Count 1 Possession of a Precursor Substance with Intent to Manufacture a CDS; and Count 2 Threatening to Perform an Act of Violence.  A warrant of arrest issued on August 12, 2008, and an arraignment was held on August 14, 2008, at which time Plaintiff entered a plea of not guilty. Currently, Plaintiff is in custody at Eastern State Hospital in Vinita, Oklahoma, pending a competency evaluation.

## II.    Plaintiff's Claims

In Count I of the Complaint, Plaintiff claims his constitutional rights have been violated because he has been denied a prompt probable cause hearing.  *See* Complaint at 3. In Count II of the Complaint, Plaintiff claims he has been wrongfully imprisoned.  In Count III of the Complaint, Plaintiff brings a malicious prosecution claim.  As to each of the claims raised, Plaintiff alleges that he has "suffer[ed] direct and current damages."  *See* Complaint at 3-4.  Plaintiff seeks declarative and injunctive relief and monetary damages in the amount

of one million dollars.  *See* Complaint at 5.[2]  Plaintiff names as Defendants Oklahoma

County, Oklahoma, the Oklahoma City Police Department and "Unknown OKCPD Arresting

Officers."

### III.    <u>Standard for Dismissal of a *Pro Se* Complaint</u>

In determining whether dismissal of a complaint is proper for failure to state a claim

upon which relief may be granted, the Court must take all well-pleaded factual allegations

as true and view those facts in the light most favorable to the plaintiff.  Dismissal is proper

if, taking those facts as true, the plaintiff fails to present a plausible right to relief.  *Robbins*

*v. Oklahoma*, 519 F.3d 1242, 1247-1248 (10th Cir. 2008); *see also Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007).  "The burden is on the plaintiff to frame a 'complaint

with enough factual matter (taken as true) to suggest' that he or she is entitled to relief."

*Robbins*, 519 F.3d at 1247 (*quoting Twombly*, 127 S.Ct. at 1965).  The plaintiff must do more

than allege facts that conceivably might state a claim for relief.  *Smith v. United States*, __

F.3d__, 2009 WL 820177 at *5 (10th Cir. March 31, 2009) (for publication) (*citing Twombly*,

127 S.Ct. at 1974).  Instead, "the complaint must give the court reason to believe that this

---

[2]To the extent Plaintiff requests his immediate release from confinement, such relief is not available in this action brought pursuant to 42 U.S.C. § 1983.  *See Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").

The Court notes Plaintiff has previously filed two federal habeas corpus actions pursuant to 28 U.S.C. § 2241 in this judicial district challenging his present confinement on the state charges which form the basis of the claims raised in this action.  *See Carpenter v. Oklahoma County District Court*, Case No. CIV-08-1102-D and *Carpenter v. Oklahoma County District Court*, Case No. CIV-08-991-C.  As of the date of the filing of this Report and Recommendation, Case No. CIV-08-1102-D remains pending.  Case No. CIV-08-991-C was dismissed by Order dated February 17, 2009.

plaintiff has a reasonable likelihood of mustering factual support for [the claims raised]." *Id*. Where, as here, the litigant appears *pro se*, the Court construes the complaint liberally. *Haines v. Kerner*, 404 U.S. 519 (1972).

## IV.   Analysis

### A.   Claims Against the Oklahoma City Police Department

Plaintiff names as a defendant in this action the Oklahoma City Police Department (OCPD). Defendant OCPD, a municipal police department, is not a suable entity because it lacks a legal identity separate from the municipality. *See Ketchum v. Albuquerque Police Dept.*, No. 91-2200, 1992 WL 51481, at *2 ( 10th Cir. Mar. 12, 1992) (unpublished op.) (a municipal police department is not a suable entity because it lacks a legal identity apart from the municipality or county); *Shangreaux v. Midwest City Police Dept.*, No. 91- 6013, 1991 WL 104313, at *2 (10th Cir. June 12, 1991) (unpublished op.) ("The police department of Midwest City is not a suable entity."). Therefore, Plaintiff's claims against Defendant OCPD should be dismissed for failure to state a claim upon which relief may be granted.

### B.   Claims Against Oklahoma County, Oklahoma

In *Monell v. Department of Social Services of New York*, 436 U. S. 658, 691 (1978), the Supreme Court held that a municipality or other local governmental unit such as Oklahoma County cannot be held liable under 42 U.S.C. § 1983 for the unauthorized acts of its agents.  A municipality can incur liability, however, if "action pursuant to official municipal policy of some nature caused a constitutional tort." *Id*.  The policy must, however, be the 'moving force" behind the constitutional violation.  *See, e.g., Dubbs v. Head Start,*

*Inc.*, 336 F.3d 1194, 1215 (10th Cir. 2003) (*citing Monnell,* 436 U.S. at 691); *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 820 (1985); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-85 (1986).  A municipality's conduct constitutes the "moving force" behind the injury alleged when that conduct is deliberate and a causal link exists between the municipal action and the deprivation of federal rights.  *See Board of County Com'rs. of Bryan County, Oklahoma v. Brown,* 520 U.S. 397, 404 (1997).

    In the Complaint, Plaintiff has alleged no facts implicating Oklahoma County in the alleged violation of his civil rights.  Moreover, Plaintiff has alleged no facts to suggest the existence of a custom or policy responsible for the alleged violation of his civil rights.  *See Clark v. City of Draper*, 168 F.3d 1185, 1187 n.5 (10th Cir. 1999) ("*Monell* requires that for the municipality to be liable, its allegedly unconstitutional act must execute 'a government's policy or custom.'") (*quoting Monell*, 436 U.S. at 694).  Accordingly, all claims against Oklahoma County should be dismissed.[3]

### C.    Claims Against "Unknown OKCPD Arresting Officers"

    Plaintiff further names as defendants "unknown OKCPD arresting officers."  According to Plaintiff he was arrested "based solely on 911 calls [he] made from [his] cell phone . . . and a cell phone being used by Melana D. Ivers . . . ."  *See* Affidavit of Fact, ¶ 1.  Plaintiff further alleges that when the police arrived on the scene, an individual named Donald D. Ivers "had a semi-automatic pistol pointed at [Plaintiff's] head."  *See id*., ¶ 3.

---

[3]To the extent Plaintiff attempts to bring claims against the City of Oklahoma City, any such claims fail for the identical reasons.

Plaintiff alleges he never touched the handgun Mr. Ivers was pointing at him or any other gun or weapon on August 5, 2008 or at any time prior thereto. *See id.*, ¶ 4. Plaintiff alleges that at the time of his arrest on August 5, 2008, police acted without probable cause and had no tangible evidence against him. *See id.*, ¶ 8.

### 1.    <u>False Arrest</u>

A section 1983 claim for false arrest derives from an individual's Fourth Amendment right to be free from unreasonable seizures. *Albright v. Oliver*, 510 U.S. 266, 274 (1994); *see also Grubbs v. Bailes*, 445 F.3d 1275, 1278 (10th Cir. 2006). "[A] warrantless arrest is lawful under the Fourth Amendment if there is probable cause to believe that the person arrested has committed an offense." *Tanberg v. Sholtis*, 401 F.3d 1151, 1159 (10th Cir. 2005) (*citing Atwater v. Lago Vista*, 532 U.S. 318, 322 (2001) ("[i]f an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender.")). Therefore, to state a claim for false arrest, Plaintiff must allege facts sufficient to demonstrate a lack of probable cause.

As set forth above, Plaintiff has been charged with Count 1 Possession of a Precursor Substance with Intent to Manufacture a CDS; and Count 2 Threatening to Perform an Act of Violence. "[T]he degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context . . . ." *Robbins*, 519 F.3d at 1248. Here, Plaintiff's Complaint is devoid of any allegations addressing the charges brought against him in Count 1. Therefore, it is impossible to discern

6

a basis for his false arrest claim as to this Count.  With respect to Count 2, Plaintiff alleges only that he did not possess any weapon.  However, the crime for which Plaintiff has been charged does not require possession of a weapon.  *See* Okla. Stat. tit. 21, § 1378.[4]  Plaintiff's remaining allegations contending the officers lacked sufficient probable cause are conclusory and insufficient to state a plausible claim for relief.  *Compare Erikson v. Pawnee County Bd. of County Com'rs.*, 263 F.3d 1151, 1154 (10th Cir. 2001) (finding plaintiff failed to allege sufficient facts to support a § 1983 claim for malicious prosecution where complaint contained only conclusory allegations that no probable cause existed).  The Complaint does not "provide enough factual allegations for a court to infer potential victory."  *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008).  Accordingly Plaintiff's claim of false arrest should be dismissed.

---

[4]Section 1378 provides:

A. Any person who shall attempt, conspire or endeavor to perform an act of violence involving or intended to involve serious bodily harm or death of another person shall be guilty of a felony, punishable upon conviction thereof by imprisonment for a period of not more than ten (10) years.

B. Any person who shall threaten to perform an act of violence involving or intended to involve serious bodily harm or death of another person shall be guilty of a misdemeanor, punishable upon conviction thereof by imprisonment in the county jail for a period of not more than six (6) months.

C. Any person who shall devise any plan, scheme or program of action to cause serious bodily harm or death of another person with intent to perform such malicious act of violence, whether alone or by conspiring with others, shall be guilty of a felony, punishable upon conviction thereof by imprisonment for a period of not more than ten (10) years.

Okla. Stat. tit. 21, § 1378.

## 2.   Unlawful Imprisonment / Right to Prompt Probable Cause Hearing

Plaintiff's claim of unlawful imprisonment premised upon his alleged denial of a prompt probable cause hearing should also be dismissed for failure to state a claim upon which relief may be granted.[5]   Plaintiff alleges no facts to demonstrate the arresting officers personally participated in the alleged deprivation of his right to a timely probable cause hearing. *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir.1997) ( "Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.").[6] Plaintiff, therefore, has failed to state a claim against the arresting officers for the alleged violation of his right to a prompt probable cause hearing.

---

[5]The Fourth Amendment requires a prompt judicial determination of probable cause as a prerequisite to an extended pretrial detention following a warrantless arrest, and a delay of more than forty-eight hours is generally unreasonable. *County of Riverside v. McLaughlin*, 500 U.S. 44, 56-59 (1991). However, a conviction will not be vacated solely because the defendant was detained pending trial without a determination of probable cause. *Gerstein v. Pugh*, 420 U.S. 103, 119 (1975).

[6]Moreover, as the Tenth Circuit has recognized in an unpublished opinion, the police officers would likely be entitled to qualified immunity with respect to Plaintiff's claim that he was denied a prompt probable cause hearing. *See Strepka v. Miller*, 28 Fed. Appx. 823, 830 (10th Cir. Nov. 21, 2001) (unpublished op.).   As the Tenth Circuit stated in that case:

> Although Supreme Court opinions have clearly established the right to a prompt probable cause determination, they have not established that the duty to ensure that right rests with the arresting officer. Nor have any Tenth Circuit cases-or the majority of cases from other circuits-so held.

*Id.*

### 3.   **Malicious Prosecution**

Finally, Plaintiff's malicious prosecution claim should be dismissed for failure to state a claim upon which relief may be granted.[7]   When addressing section 1983 malicious prosecution claims, the "starting point" of the analysis is the common law elements of malicious prosecution.   *Novitsky v. City of Aurora*, 491 F.3d 1244, 1257-1258 (10th Cir. 2007).   Those elements are: "(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) there was no probable cause to support the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages." *Id*. (citation omitted).

Plaintiff has alleged no facts suggesting that the arresting officers are responsible for his continued confinement.   Because Plaintiff's state criminal proceedings are pending, Plaintiff cannot demonstrate the second element of a malicious prosecution claim – favorable termination of the original action.   Additionally, as set forth above, Plaintiff's allegations regarding an alleged lack of probable cause to support his arrest are wholly conclusory.   And finally, Plaintiff's Complaint contains no allegations that the arresting officers acted with malice.   Accordingly, Plaintiff's malicious prosecution claim should be dismissed for failure to state a claim upon which relief may be granted.

---

[7]In *Wallace v. Kato*, 549 U.S. 384, 389-390 (2007), the United States Supreme Court explained that the tort of false arrest / false imprisonment arises out of detention without legal process, whereas the tort of malicious prosecution arises out of detention after the institution of legal process.

In sum, Plaintiff's Complaint fails to state a claim for § 1983 relief against the "Unknown Arresting OKCPD Officers."  Plaintiff's Complaint against these defendants, therefore, should be dismissed.[8]

### D.   Plaintiff's State Law Claims

Plaintiff alleges he brings state tort claims and cites various Oklahoma statutory provisions. *See* Complaint at 2.  Pursuant to 28 U.S.C. § 1367(c)(3), the court has discretion to decline to exercise supplemental jurisdiction over a state-law claim if the court has "dismissed all claims over which it has original jurisdiction."  *See also Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir.1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.").  Therefore, if the Court adopts the recommendation to dismiss all of Plaintiff's federal claims, it is recommended that Plaintiff's state law claims also be dismissed without prejudice.

### E.   Application for Injunctive Order

Plaintiff has filed an Application for Injunctive Order [Doc. #4].  Plaintiff requests as relief  his immediate release from custody.  As set forth above, Plaintiff's requested relief is not available in this action brought pursuant to 42 U.S.C. § 1983.  *See supra*, footnote 2.  Plaintiff's Application, therefore, should be denied.

---

[8]Even if Plaintiff's allegations were sufficient to withstand dismissal of his claims against these defendants, Plaintiff would face additional challenges in pursuing a claim for section 1983 relief. Because his state criminal proceedings are ongoing, it appears abstention pursuant to *Younger* might be proper. *See Younger v. Harris*, 401 U.S. 37 (1971).

## RECOMMENDATION

It is recommended that Plaintiff's action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The dismissal should be counted as a "prior occasion" or strike pursuant to 28 U.S.C. § 1915(g) after Plaintiff has exhausted or waived his right to appeal. *See Jennings v. Natrona County Detention Center Medical Facility*, 175 F.3d 775, 780 (10th Cir. 1999).

It is further recommended that pursuant to 28 U.S.C. § 1367(c)(3) the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims and that those claims be dismissed without prejudice. Finally, it is recommended that Plaintiff's Application for Injunctive Order [Doc. #4] be denied.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636.  Any objections must be filed with the Clerk of the District Court by May __4th__, 2009. *See* LCvR72.1. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## **STATUS OF REFERRAL**

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this __14th__ day of April, 2009.

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE