# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM DEAN CARPENTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | NO. CIV-09-164-D |
| ) | |
| OKLAHOMA COUNTY, OKLAHOMA, ) | |
| et al., ) | |
| ) | |
| Respondent. ) | |

## O R D E R

Plaintiff, a pretrial detainee appearing *pro se* and *in forma pauperis*, brought this action pursuant to 42 U. S. C. § 1983, alleging violations of his constitutional rights during his pretrial detention. The matter was referred to United States Magistrate Judge Valerie K. Couch for initial proceedings in accordance with 28 U. S. C. § 636(b)(1)(B) and (C). Pursuant to 28 U. S. C. § 1915(e)(2)(B)(i), the Magistrate Judge reviewed the Complaint upon filing. She then filed a Report and Recommendation [Doc. No. 13] in which she concluded that the Complaint fails to state a claim upon which § 1983 relief may be granted; therefore, she recommended that the Complaint be dismissed. Because Plaintiff timely objected to the Report and Recommendation, the matter is reviewed *de novo*.

In the Report and Recommendation, the Magistrate Judge discussed in detail the allegations in the Complaint; that discussion is accurate and need not be repeated here. Those allegations are based on the alleged actions and omissions of the Oklahoma City police in connection with Plaintiff's seizure and arrest; Plaintiff contends that his rights were violated because he was placed in custody after a warrantless arrest without probable cause. He was charged with a criminal felony and a

misdemeanor and remains in custody pending trial.[1]  Plaintiff seeks injunctive and declaratory relief as well as damages.  He has separately filed an "Application for Injunctive Order" [Doc. No. 4] in which he seeks an immediate release from custody.[2]

In addition to discussing Plaintiff's allegations, the Report and Recommendation accurately and thoroughly explains the law governing § 1983 claims.  It also analyzes Plaintiff's allegations to determine their sufficiency, applying the liberal treatment afford a *pro se* litigant.  After considering each claim asserted against the named defendants, the Magistrate Judge concluded that Plaintiff's allegations, construed liberally, fail to state a claim for § 1983 relief. She further concluded that, to the extent the Complaint also asserts state law claims, the Court should decline to exercise jurisdiction over those claims, pursuant to 28 U. S. C. § 1367(c)(3).

The Court has reviewed the legal analysis according to the standards governing dismissal of a § 1983 claim brought by a *pro se* plaintiff, and concludes that the Magistrate Judge accurately applied the law to the facts of this case.  The Court agrees that dismissal is warranted and that, to the extent the Complaint may be construed as asserting state law claims, the Court should decline to exercise jurisdiction over the same.

In objecting to the Report and Recommendation, Plaintiff offers no persuasive argument or authority warranting a different outcome.  Accordingly, having conducted a *de novo* review, the

---

[1] As Judge Couch noted in the Report and Recommendation, Plaintiff previously filed a § 1983 action in this Court in which he asserted similar claims based on these same events; the previous action was dismissed voluntarily by Plaintiff.  *See Carpenter v. Whetsel*, Case No. CIV-08-1178-D, and the January 16, 2009 Order granting Plaintiff's motion to voluntarily dismiss that action.  In addition, the Plaintiff also filed two habeas corpus actions in this court, and such actions assert allegations similar to those presented in this case.  *See Carpenter v. Oklahoma County District Court*, Case No. CIV-08-991-C and *Carpenter v. Oklahoma County District Court*, Case No. CIV-08-1102-D. Both actions have been dismissed.

[2] According to the Magistrate Judge, her review of the public records pertaining to these charges reflects that a warrant of arrest was issued on August 12, 2008, and Plaintiff was arraigned on August 14; he entered a plea of not guilty.  He was placed in custody at Eastern State Hospital in Vinita,Oklahoma, pending a competency evaluation.

Court adopts the Report and Recommendation [Doc. No. 13]. The action is dismissed without prejudice; Plaintiff's "Application for Injunctive Order" [Doc. No. 4] is DENIED. As recommended by the Magistrate Judge, this dismissal should be counted as a "prior occasion" or strike, pursuant to 28 U. S. C. § 1915(g), after Plaintiff has exhausted or waived his right to appeal. *See Jennings v. Natrona County Detention Center Medical Facility*, 175 F. 3d 775, 780 (10th Cir. 1999).

IT IS SO ORDERED this  28th  day of August, 2009.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE